# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00062-CV

---

**Gustavo Lopez Mireles, Appellant**

**v.**

**Office of Inspector General for The Texas Department of Public Safety, Appellee**

---

**FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-18-001929, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On January 13, 2021, appellant, an inmate in the Texas Department of Criminal Justice, filed a notice of appeal referencing hearings on October 30, 2018 and December 1, 2020, stating that the appeal was from the "decisions entered by the judge in both of these hearings," and complaining that the trial judge denied him access to the transcripts from the October 2018 hearing.[1]

On February 9, 2021, the clerk of this Court advised appellant that this Court appeared to lack jurisdiction over this appeal and requested a response from appellant explaining how this Court may exercise jurisdiction over this appeal. *See* Tex. R. App. P. 42.3(a).

---

[1] In a letter dated January 7, 2021, addressed to the trial court, appellant confirmed that he has obtained a copy of the transcript from the October 2018 hearing. *See In re Mireles*, No. 03-20-00479-CV, 2020 Tex. App. LEXIS 8695, at *1–4 (Tex. App.—Austin Nov. 4, 2020, orig. proceeding) (mem. op.) (denying petition for writ of mandamus seeking, among other relief, to obtain transcript from October 2018 hearing).

Appellant has filed a response. He contends that he made a "verbal Notice of Appeal" during the October 2018 hearing, complains about the delay in obtaining the reporter's record from that hearing, and argues that his notice of appeal could not be perfected without the reporter's record.

Obtaining a reporter's record, however, is not necessary to perfect an appeal. *See* Tex. R. App. P. 26.1 (requiring notice of appeal to be filed to perfect appeal). On the day of the October 2018 hearing, the trial court signed an order pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code dismissing appellant's suit with prejudice. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001–.014 (addressing inmate litigation). The order expressly states that it is a final judgment. Thus, to the extent that appellant is appealing from the October 2018 order, his notice of appeal that was filed in January 2021 and is the basis of this appeal is not timely and fails to invoke this Court's jurisdiction. *See* Tex. R. App. P. 26.1 (requiring notice of appeal generally to be filed within 30 days after final judgment or appealable order is signed).

To the extent that appellant seeks to challenge a trial court ruling from the December 2020 hearing, this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order that has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that generally appeal may only be taken from final judgment that disposes of all pending parties and claims in record). The record does not contain an appealable judgment or order signed by the trial court from the December 2020 hearing.[2] Further, in December 2020, the trial court no longer had plenary power over appellant's suit that was dismissed in October 2018. *See* Tex. R. Civ. P. 329b (addressing trial

---

[2] The judge's notes in the record reflect that the trial court "denied to rule on the Motion for lack of jurisdiction."

court's plenary power after signing final judgment). Thus, appellant's reference to the December 2020 hearing does not invoke this Court's jurisdiction.

In his response, appellant also argues that this Court has "inherent power to investigate the veracity of sworn statements that are dispositive to this case, in order to preserve the dignity, independence and integrity of the Texas judiciary." In particular, he appears to be challenging the veracity of trial testimony or sworn statements by the "Re-evaluation DNA analyst of TDPS DNA Crime Laboratory case No. L3M-48628" concerning his criminal conviction and seeks the "name of the recent 2018 DNA analyst who conducted the re-evaluation of the DNA analysis." Appellant, however, has not provided, and we have not found, authority that would support this Court's jurisdiction over this appeal based on this argument or request.[3]

Because we conclude that we do not have jurisdiction, we dismiss this appeal. *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed: March 4, 2021

_____

[3] In his response, appellant cites *Sutphin v. Tom Arnold Drilling Contractor, Inc.*, 17 S.W.3d 765 (Tex. App.—Austin 2000, no pet.). That case does not support his position. It concerns a trial court's inherent power post-judgment to consider whether the court had been defrauded in the context of a contempt proceeding based on a party's pre-judgment conduct, *see id.* at 769–71. In our analysis in that case, we noted that, after a trial court's plenary power has expired, it lacks jurisdiction to enter orders over the merits of the underlying claim. *Id.* at 770. Appellant also cites a direct appeal from a judgment of conviction, *Jessop v. State*, 368 S.W.3d 653 (Tex. App.—Austin 2012, no pet.), but he fails to explain how that criminal case supports this Court's jurisdiction over this appeal.

3